UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MICHAEL GOETZ,<br><br>        Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE, Commissioner<br>of Social Security,<br><br>        Defendant. | No. CV-09-03060-JPH<br><br>ORDER GRANTING PLAINTIFF'S<br>MOTION FOR SUMMARY JUDGMENT<br>AND REMANDING FOR FURTHER<br>ADMINISTRATIVE PROCEEDINGS |

BEFORE THE COURT is plaintiff's motion for summary judgment (Ct. Rec. 19) and defendant's motion to remand for further proceedings (Ct. Rec. 26), noted for hearing without oral argument on October 29, 2010. Attorney D. James Tree represents plaintiff; Special Assistant United States Attorney Nancy Mishalanie represents the Commissioner of Social Security (Commissioner). The parties have consented to proceed before a magistrate judge (Ct. Rec. 7). On June 29, 2010, plaintiff filed a reply (Ct. Rec. 28). After reviewing the administrative record and the briefs filed by the parties, the court **GRANTS** plaintiff's motion for summary judgment (Ct. Rec. 19) and remands for further administrative proceedings. Defendant's motion to remand for further administrative proceedings (Ct. Rec. 26) is **DENIED** as moot.

///

ORDER GRANTING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT AND REMANDING
FOR FURTHER PROCEEDINGS                                                  - 1 -

**JURISDICTION**

Plaintiff protectively filed concurrent applications for disability insurance benefits (DIB) and supplemental security income (SSI) benefits on September 16, 2004, alleging onset as of August 15, 2003 (Tr. 51-52). The applications were denied initially and on reconsideration (Tr. 29-32, 33-34).

After remand ordered by this Court, Administrative Law Judge (ALJ) Richard Say held a hearing on January 28, 2009 (Tr. 479-516). On March 19, 2009, he issued a decision finding Mr. Goetz disabled as of September 29, 2006, but not prior to his last insured date of December 31, 2005 (Tr. 333-348). The ALJ found before September 29, 2006, plaintiff could have performed his past work as an author or restaurant greeter (Tr. 346). The Appeals Council denied review. Therefore, the ALJ's decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review pursuant to 42 U.S.C. § 405(g) on June 22, 2009. (Ct. Rec. 1,4).

**STATEMENT OF FACTS**

The facts have been presented in the administrative hearing transcripts, the ALJ's decision, the briefs of both Plaintiff and the Commissioner, and are summarized here.

Plaintiff was 44 years old at onset and 50 at the time of the ALJ's most recent decision (Tr. 51). Mr. Goetz completed high school (Tr. 482). He has worked as an author, restaurant greeter, teacher, and store manager (Tr. 23, 60, 498). He lives with his spouse (Tr. 482). Plaintiff can sit 20-30 minutes at a time (Tr.

490).

## SEQUENTIAL EVALUATION PROCESS

The Social Security Act (the Act) defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a Plaintiff shall be determined to be under a disability only if any impairments are of such severity that a plaintiff is not only unable to do previous work but cannot, considering plaintiff's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If not, the decision maker proceeds to step two, which determines whether plaintiff has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If plaintiff does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment

ORDER GRANTING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT AND REMANDING
FOR FURTHER PROCEEDINGS                                  - 3 -

is severe, the evaluation proceeds to the third step, which compares plaintiff's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, plaintiff is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents plaintiff from performing work which was performed in the past. If a plaintiff is able to perform previous work, plaintiff is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, plaintiff's residual functional capacity (RFC) assessment is considered. If plaintiff cannot perform this work, the fifth and final step in the process determines whether plaintiff is able to perform other work in the national economy in view of plaintiff's residual functional capacity, age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

  The initial burden of proof rests upon plaintiff to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once plaintiff establishes that a physical or mental impairment prevents the performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1)

plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" which plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

**STANDARD OF REVIEW**

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold the Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). "The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983)(*citing* 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-602 (9th Cir. 1989); *Desrosiers v. Secretary of Health and Human Services*, 846 F.2d 573, 576 (9th Cir. 1988). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v.*

*Sullivan,* 877 F.2d 20, 22 (9th Cir. 1989)(*quoting Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. *Richardson,* 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

**ALJ'S FINDINGS**

At the outset, the ALJ found plaintiff met the DIB requirements through December 31, 2005 (Tr. 333, 335). At step one he found Mr. Goetz has not engaged in substantial gainful activity since his alleged onset date of August 15, 2003  (Tr. 335). At steps two and three, the ALJ found plaintiff suffers from thoracic degenerative disc disease with chronic pain, osteoarthritis of the hips, knees, and hands, and depression, impairments that are severe but which do not alone or in combination meet or medically equal a Listed impairment (Tr. 336-337). The ALJ found plaintiff less than completely credible (Tr. 340). ALJ Say found plaintiff

could perform his past work as a restaurant greeter and author before September 29, 2006 (Tr. 346), but not thereafter. Because the ALJ's step four finding plaintiff could perform his past relevant work until September 29, 2006 was determinative, he was not required to proceed to step five. The ALJ found plaintiff is disabled as defined by the Social Security Act as of an inferred onset date of September 29, 2006, meaning he was not disabled for DIB purposes prior to his last insured date in December 2005 (Tr. 348), nor for SSI purposes before September 29, 2006.

**ISSUES**

The parties agree plaintiff became disabled but disagree as to the onset date. Plaintiff asks the court to adopt his alleged onset date of August 15, 2003. The Commissioner admits the ALJ erred by inferring an onset date without the assistance of a medical expert, an error requiring remand. The Commissioner also argues because the ALJ found Mr. Goetz disabled and observed he used narcotics excessively, the ALJ's failure to determine if drug or alcohol abuse (DAA) materially affected the disability determination requires remand (Ct. Rec. 27 at 6). Plaintiff, on the other hand, asks the Court to remand for payment of benefits from his alleged onset date of August 15, 2003, through the date the ALJ found him disabled, September 28, 2006 (Ct. Rec. 20 at 26, Ct. Rec. 27 at 6).

**DISCUSSION**

Defendant acknowledges the Court has discretion when fashioning a remedy (Ct. Rec. 27 at 2). If there are unresolved issues and the record does not clearly require a finding of

ORDER GRANTING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT AND REMANDING
FOR FURTHER PROCEEDINGS                                        - 7 -

disability, the court should remand for further administrative proceedings to remedy defects in the original administrative proceedings. *Holohan v. Massanari*, 246 F.3d 1195, 1210 (9th Cir. 2001); *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996); *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989)).

Courts in this circuit have credited evidence and remanded for an award of benefits where (1) the ALJ has failed to provide legally sufficient reasons for rejecting certain evidence, such as a treating doctor's uncontroverted opinion, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited. *See Smolen*, 80 F.3d at 1292; *see also Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir. 1989)(crediting treating physician's uncontroverted testimony and awarding benefits); *Varney v. Secretary of Health and Human Servs.*, 859 F.2d 1396, 1401 (9th Cir. 1988)(crediting subjective symptom testimony and awarding benefits). The decision whether to remand for further proceedings or for an award of benefits is within the Court's discretion. *Harman v. Apfel*, 211 F.3d 1172, 1177 (9th Cir. 2000); *Reddick v. Chater*, 157 F.3d 715,728 (9th Cir. 1998).

**I. Inferred onset date**

Where evidence of the onset date is ambiguous, the ALJ must consult with a medical adviser. *Armstrong v. Comm'r of Soc. Sec. Admin.*, 160 F.3d 587, 590 (9th Cir. 1998); Soc. Sec. Ruling 83-20 (1983). SSR 83-20 applies where, as here, a claimant has been found disabled. The ALJ has a duty to fully and fairly develop the

record where evidence is ambiguous. *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001).

Similar to *Armstrong*, the date Mr. Goetz's impairments became disabling is ambiguous. The ALJ appears to have chosen the date of treating doctor Kimberly Stutzman, M.D.'s September 29, 2006, report, even though Dr. Stutzman began treating plaintiff in September 2003 (Tr. 233). While it is clear Mr. Goetz was disabled on September 29, 2006, that was not necessarily the date on which he became disabled. For social security purposes,"the critical date is the date of the onset of disability, not the date of the diagnosis." *Swanson v. Sec. of Health & Human Servs.*, 763 F.2d 1061, 1965 (9th Cir. 1985); *Morgan v. Sullivan*, 945 F.2d 1079, 1081 (9th Cir. 1991)(per curiam).

In deciding the onset date, the ALJ opines it is reasonable to conclude plaintiff experienced increasing difficulty with osteoarthritis between the time he was running several times per week in 2004[1], and when he underwent hip replacement in 2008. With respect to mental impairments, the ALJ observes as plaintiff's pain symptoms increased, so did his periods of depression (Tr. 346). The ALJ acknowledges plaintiff's "increasing difficulty" with pain and depression, but it is unclear without medical testimony when the increasing difficulties caused by osteoarthritis and associated pain and depression became disabling.

A brief overview of some of the evidence illustrates the

---

[1] Dr. Stutzman notes on September 7, 2004, plaintiff jogs 3 to 4 times a week for 1.5 miles each time (Tr. 183).

ORDER GRANTING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT AND REMANDING
FOR FURTHER PROCEEDINGS                           - 9 -

ambiguity in the record.

In April and May 2003 (before alleged onset) plaintiff is seen in the ER in California for acute myofascial strain, back pain, dizziness, and mild low back pain (Tr. 108-115). Plaintiff and his spouse move to Washington from San Francisco in June 2003 (Tr. 192). On August 11, 2003, four days before alleged onset, Annie Stone, ARNP notes plaintiff aggravated his back pain by wrestling a sheep. She prescribes vicodin (Tr. 133). In September 2003, just after plaintiff's alleged onset date, Carolyn O'Connor, M.D., notes plaintiff's back impairment (due to chronic DJD of the spine and degenerative disc disease) was rated as mild, and his range of motion "pretty good." She continues prescribed vicodin and an antidepressant (Tr. 129).

On August 25, 2003 (about 2 weeks after plaintiff alleges onset), Judy Richardson, M.D., declines his request for vicodin and prescribes ibuprofen instead (Tr. 130). Plaintiff attends two sessions of physical therapy in September 2003 which he says improve his movement (Tr. 186). Dr. Stutzman notes in October 2003 Mr. Goetz is taking prozac and trazedone (Tr. 241). At a psychiatric evaluation on October 7, 2003, plaintiff's assessed GAF is 55, indicating moderate symptoms or difficulty (Tr. 214); while evaluator Kimberly Humann, M.D., in March 2006, assesses a GAF of 65, indicative of mild symptoms or difficulties (Tr. 275).

In November 2003 plaintiff tells Dr. Stutzman he has had "a great deal of thoracic pain requiring narcotics for relief" for ten years (Tr. 240). On December 16, 2003, Dr. Stutzman tells plaintiff she reviewed his records from California indicating "he had a lot of difficulties with narcotics, that he had behavior

ORDER GRANTING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT AND REMANDING
FOR FURTHER PROCEEDINGS                              - 10 -

which was manipulative and drug seeking." She notes plaintiff has not attended physical therapy as directed due to being "very busy with the birth" of a grandchild in Oregon (Tr. 189).

On January 19, 2004, plaintiff fails to attend his physical therapy appointment. He calls Dr. Stutzman the same day stating he lost his pain medication. Dr. Stutzman follows the pain contract and refuses to refill the medication (Tr. 189).

Plaintiff sees Dr. Stutzman on February 3, 2004, and returns to physical therapy the same date (Tr. 186, 188). On February 11, 2004, he tells urgent care provider Sue Hastings, PAC, he has no primary care physician (PCP)(Tr. 128). In September 2004, a little more than a year after he alleges onset, Mr. Goetz reports he can walk or sit for 40 minutes and stand for 30. He takes vicodin for thoracic back pain due to scoliosis and a past car accident injury, and lexapro for depression (Tr. 70-71).

The record is not clear plaintiff's disability began on August 15, 2003, as he alleges. The record shows deteriorating physical problems, but it also reveals problems with plaintiff's credibility. As noted, plaintiff appears to have been less than truthful with PAC Hastings about having a PCP. In addition, the record reflects plaintiff told Dr. Stutzman in September 2004 (a year after alleged onset) he jogged a mile and half 3-4 times a week (Tr. 183). In his request for reconsideration Mr. Goetz states "I only tried jogging once for two weeks (didn't help and hurt too much)" (Tr. 28). Plaintiff testified he jogged less than a year, probably 6- 8 months, and this included July 2004, eleven months after alleged onset (Tr. 485, 494). About five weeks after alleged onset, plaintiff admitted he was not honest with Dr.

Stutzman at his first appointment about chronic pain. He opined currently he is fairly functional (Tr. 192). Xrays in September 2003, two weeks after alleged onset, show mild degenerative changes in the midthoracic spine and no significant intervertebral disc space narrowing (Tr. 197). An MRI in November 2004 shows mild disc protrusion at T9-10 and T11-12, and degenerative changes in the midthoracic spine (Tr. 195).

The date plaintiff's various impairments became disabling is unclear. Therefore, the ALJ was required to call a medical expert to aid in determining the onset date, and his failure to do so is reversible error. *See Armstrong*, 160 F.3d at 590, citing *Morgan,* 945 F.2d at 1082-1083; *DeLorme*, 924 F.2d 841, 848-849 (9th Cir. 1991); *Gage v. Apfel*, 550 F.3d 808, 810 (9th Cir. 2008).

Because the Court is unable to clearly determine the onset date, remand for medical testimony is required.

**II. Materiality of DAA**

The Commissioner asks the court to remand to determine whether DAA materially affects the disability determination. Even if the ALJ had not erred by inferring plaintiff's onset date without the assistance of a medical expert, a remand would still be necessary in this case because the ALJ did not perform the DAA analysis required. *See Bustamante v. Massanari*, 262 F.3d 949, 954 (9th Cir. 2001).

"'A finding of "disabled" under the five-step inquiry does not automatically qualify a claimant for disability benefits.'" *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007), *cert. denied*, 128 S. Ct. 1068 (2008), quoting *Bustamante,* 262 F.3d at 954. "Under 42 U.S.C. § 423(d)(2)(C), a claimant cannot receive

disability benefits 'if alcoholism or drug addiction would . . . be a contributing factor material to the Commissioner's determination that the individual is disabled." (*Id*). "Under the implementing regulations, the ALJ must conduct a drug and alcohol analysis by determining which of the claimant's disabling limitations would remain if the claimant stopped using drugs or alcohol." (*Id*. at 747).

The ALJ found plaintiff disabled. He opined overuse of medication affects plaintiff's mental impairment. The ALJ explicitly found overuse of narcotic pain medication exacerbates mood, i.e., worsens symptoms of diagnosed depression. Inexplicably the ALJ failed to perform the required substance abuse (DAA) analysis. The ALJ opined:

> [a] longitudinal review of the opinions concerning the claimant's mental impairment suggest[s] that his mood waxed and waned over time, and that these changes were the result of psychosocial and environmental stressors, exacerbated by the claimant's overuse of narcotic pain medications. Moreover, none of the claimant's "exacerbations" appeared to last twelve months or more.

(Tr. 345).

The ALJ is required to determine if DAA is material to the disability determination if he finds plaintiff disabled and there is evidence of substance abuse. This he failed to do.

The Court's review of the record indicates there are unresolved issues with respect to plaintiff's onset date and the materiality of substance abuse, determinations not within the Court's purview. And the Court's review of the record does not clearly require a finding of disability. Under these circumstances remand is necessary.

ORDER GRANTING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT AND REMANDING
FOR FURTHER PROCEEDINGS                          - 13 -

On remand, the ALJ should: (1) determine plaintiff's disability onset date with the assistance of a medical expert, and (2) assess whether substance abuse is material to the disability determination.

The court expresses no opinion as to what the ultimate outcome will or should be. The fact-finder is free to give whatever weight to the evidence is deemed appropriate. See *Sample v. Schweiker*, 694 F.2d 636, 642 (9th Cir. 1282)("Questions of credibility and resolution of conflicts in the testimony are functions solely of the Secretary.")

**CONCLUSION**

Having reviewed the record and the ALJ's conclusions, this Court agrees the ALJ's decision is not free of legal error and supported by substantial evidence, but finds there are unresolved issues and the record does not clearly require a finding of disability..

Accordingly,

**IT IS ORDERED:**

1. Plaintiff's motion for summary judgment **(Ct. Rec. 19)** is **GRANTED.** The matter is remanded to the Commissioner of Social Security for further proceedings consistent with this decision and sentence four of 42 U.S.C. § 405(g).

2. Defendant's motion to remand **(Ct. Rec. 26)** is **DENIED as moot.**

The District Court Executive is directed to file this Order, provide copies to counsel for plaintiff and defendant, enter judgment in favor of plaintiff, and **CLOSE** this file.

DATED this 6th day of October, 2010.

                                          <u>s/ James P. Hutton</u>
                                             JAMES P. HUTTON
                           UNITED STATES MAGISTRATE JUDGE

ORDER GRANTING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT AND REMANDING
FOR FURTHER PROCEEDINGS                      - 15 -